UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RAFAEL L. WALKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEREMIAH STONE, ADAM ENG, and<br>CHRISTINA CHICO,<br><br>　　　　　Defendants. | CAUSE NO. 3:21-CV-827 DRL-MGG |

OPINION AND ORDER

Rafael L. Walker, a prisoner without a lawyer, filed a complaint about events that occurred at Indiana State Prison, where he was housed before being transferred to Wabash Valley Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Walker alleges that on March 10, 2020, he was injured when Sgt. Jeremiah Stone and Sgt. Adam Eng twisted his wrist in an unusual motion, causing severe pain and lacerations to both wrists. Mr. Walker says he filed a protection order against those officers. In response, on March 28, 2020, Sgt. Stone and Sgt. Eng allegedly threatened him

with racial and homophobic slurs, and an altercation ensued. After the altercation, Mr. Walker alleges that Sgt. Stone dragged him to medical and assaulted him with Narcan, forcing it up his nose while laughing and telling him he "better call him Sarge." ECF 1 at 3. Mr. Walker denies being under the influence of an opioid or showing any signs or symptoms of a potential overdose.

Mr. Walker's allegations state a claim against Sgt. Stone for the alleged forced administration of Narcan, but the complaint does not contain enough information for the court to infer reasonably that the other events constituted excessive force. For an excessive force claim, the "core requirement" is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, Mr. Walker does not explain the events that led up to the officers injuring his wrist or provide details about the later altercation, leaving the court unable to determine if the allegations state a claim for excessive force.

However, the circumstances surrounding the alleged forced administration of Narcan on March 28, 2020, allow a reasonable inference that Sgt. Stone did not have a legitimate purpose in administering it. Inmates possess a Fourteenth Amendment due process liberty interest in "refusing forced medical treatment while incarcerated." *Knight v. Grossman*, 942 F.3d 336, 342 (7th Cir. 2019). To establish such a claim, the prisoner must

demonstrate that the defendant "acted with deliberate indifference to his right to refuse medical treatment." *Id.* "Neither negligence nor gross negligence is enough to support a substantive due process claim, which must be so egregious as to 'shock the conscience.'" *Id.* (citation omitted). Moreover, a prisoner's right to refuse medical treatment can be overridden by "a prison regulation that is reasonably related to legitimate penological interests." *Id.* at 343; *see also Russell v. Richards*, 384 F.3d 444, 447-50 (7th Cir. 2004) (concluding inmate's liberty interest in refusing unwanted medical treatment of delousing shampoo was overridden by jail policy designed to address legitimate interest in avoiding outbreaks of lice). "[I]f legitimate penological interests dictate that a particular treatment must be administered even if the prisoner would have refused it, then . . . there is no constitutional right to refuse treatment[.]" *Knight*, 942 F.3d. at 343 (quoting *Pabon v. Wright*, 459 F.3d 241, 252 (2d Cir. 2006)). Here, further factual development may show that Sgt. Stone acted reasonably to provide treatment for what he thought was an opioid overdose. However, Mr. Walker alleges that he was not under the influence of opioids and that Sgt. Stone administered the Narcan in retaliation for a protective order Mr. Walker filed against him. Giving him the inferences to which he is entitled at this stage, he has alleged enough to proceed past the pleading stage against Sgt. Stone on a Fourteenth Amendment claim.

Mr. Walker also names as a defendant Dr. Christina Chico, stating that on March 10, 2020, she "denied me suicide mental health treatment allowing me to attempt suicide." ECF 1 at 3. This one sentence does not provide enough information for the court to determine whether Mr. Walker states a claim against her or whether that potential

claim is related to the claim against Sgt. Stone. Mr. Walker may not sue different defendants in the same lawsuit based on unrelated events. "Unrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). Moreover, the allegations against Dr. Chico are short on facts, dates, and specifics about the medical treatment she provided. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Therefore, Dr. Chico will be dismissed.

Mr. Walker also filed a motion for a temporary restraining order and preliminary injunction. ECF 13. He seeks relief concerning his continued placement in segregation at Wabash Valley. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted). "A plaintiff

4

seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Moreover,

> [a]n injunction, like any "enforcement action," may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court. *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007); *see also Audio Enters., Inc. v. B & W Loudspeakers*, 957 F.2d 406, 410 (7th Cir. 1992) (vacating preliminary injunction because defendant had not been served).

*Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x. 669, 672 (7th Cir. 2013).

Here, Mr. Walker has no chance of success to contest his placement in segregation because the Wabash Valley warden or other custody staff are not parties to this case. The only claim on which he is proceeding in this case is against Sgt. Stone for an act that occurred almost two years ago at a different prison. Because the only defendant is unrelated to his confinement in segregation at Wabash Valley, he cannot obtain the injunction he seeks.

For these reasons, the court:

(1) DENIES the motion for temporary restraining order and preliminary injunction (ECF 13);

(2) GRANTS Rafael L. Walker leave to proceed against Sgt. Jeremiah Stone in his individual capacity for compensatory and punitive damages for administering Narcan to Mr. Walker without his consent on March 28, 2021, in violation of the Fourteenth Amendment;

5

(3) DISMISSES all other claims;

(4) DISMISSES Adam Eng and Christina Chico;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sgt. Jeremiah Stone at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Jeremiah Stone to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

February 18, 2022              *s/ Damon R. Leichty*
                               Judge, United States District Court