UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAFAEL L. WALKER,

      Plaintiff,

  v.                                 CAUSE NO. 3:21-CV-827-DRL-MGG

JEREMIAH STONE *et al.*,

      Defendants.

OPINION AND ORDER

Rafael L. Walker, a prisoner without a lawyer, filed a complaint against three defendants and was granted leave to proceed against only Sgt. Jeremiah Stone on a claim for an alleged forced administration of Narcan. ECF 1. After service was issued to Sgt. Stone, Mr. Walker filed a 16-page amended complaint against 18 defendants. ECF 31. The court stayed the case pending screening of the amended complaint. ECF 35.

Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Walker alleges that on March 10, 2020, officers were conducting a shakedown on his unit when Sgt. Stone came to his cell door and saw him flush a cigarette down the toilet. ECF 31 at 3. Sgt. Stone then told him "You shouldn't have done that nigga." *Id*. In

response, Mr. Walker told him, "Don't call me a fucking nigga bitch." *Id*. Two alleged assaults followed. The first assault involved only Sgt. Stone and Mr. Walker. Mr. Walker alleges that after he called Sgt. Stone a bitch, Sgt. Stone escorted him to the showers for a strip-search. *Id*. During the walk to the showers, Sgt. Stone allegedly twisted and bent Mr. Walker's wrist, causing him to scream out in severe pain. *Id*. The second alleged assault occurred immediately after Sgt. Stone started twisting Mr. Walker's wrist. Mr. Walker alleges that Sgt. Stone called Sgt. Adam Eng to the scene. ECF 31 at 3-4. He alleges that once Sgt. Stone told Sgt. Eng that Mr. Walker had called him a bitch, Sgt. Eng joined Sgt. Stone in slamming him against the shower door and twisting his wrist. ECF 31 at 4. During this altercation, Mr. Walker says Sgt. Stone snapped his wrist all the way around, making it feel like his wrist and fingers were broken. *Id*.

In their written statements, Sgt. Stone and other officers do not dispute that an altercation occurred; however, they claim that Sgt. Stone was attempting to remove a lighter from Mr. Walker's hand. ECF 31 at 4; ECF 31-1 at 8-13. Conversely, Mr. Walker claims he did not possess a lighter and that no lighter was recovered from his person after the fact. ECF 31 at 4-5. Rather, he claims that Sgt. Stone twisted his wrist because Mr. Walker called him a bitch and that Sgt. Stone told other officers "Fuck him he called me a bitch" prior to the second assault.[1] ECF 31 at 3-4.

---

[1] The court notes that the complaint references conduct reports that Mr. Walker received following these events, though the outcomes of these conduct reports are not disclosed. To the extent that Mr. Walker lost good-time credits following disciplinary hearings on those conduct reports, he cannot proceed on any claim that would imply the invalidity of those hearings unless they are overturned. *See Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997).

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Mr. Walker the benefit of the inferences to which he is entitled at this stage of the case, his allegations state an Eighth Amendment claim against Sgt. Stone and Sgt. Eng.

Mr. Walker also alleges that after the incidents on March 10, 2020, he filed a protection order against Sgts. Stone and Eng. On March 28, 2020, Sgt. Stone and Sgt. Eng allegedly threatened Mr. Walker with racial and homophobic slurs and stated that they would harm him for "snitching." ECF 31 at 7. An altercation ensued, and Mr. Walker went with Sgts. Stone and Eng to medical. *Id*. While at medical, Sgt. Stone allegedly jumped on Mr. Walker and shoved Narcan up his nose, despite Mr. Walker insisting that he did not want or need Narcan and stating that he was not under the influence of drugs. *Id*. Mr. Walker alleges that Nurse Betty J. Boggs handed Sgt. Stone the Narcan, and Sgt. Eng held him down while Sgt. Stone forcibly injected it into his nose, causing Mr. Walker to black out. *Id*. Nurse Boggs' report attached to the complaint states that when Mr. Walker was brought into medical, his fingertips were burnt brown, his eyes were bloodshot with large pupils, he was constantly talking in nonsensical speech, and he was unable to focus. ECF 31-1 at 39. If this is true and indicative of an opioid overdose, then the forced administration of Narcan could be reasonable despite his refusal. But Mr.

3

Walker alleges that he refused all medical treatment because ingesting opioids violates his religious beliefs. ECF 31 at 7.

Inmates possess a Fourteenth Amendment due process liberty interest in "refusing forced medical treatment while incarcerated." *Knight v. Grossman*, 942 F.3d 336, 342 (7th Cir. 2019). To establish such a claim, the prisoner must demonstrate that the defendant "acted with deliberate indifference to his right to refuse medical treatment." *Id.* "Neither negligence nor gross negligence is enough to support a substantive due process claim, which must be so egregious as to 'shock the conscience.'" *Id.* (citation omitted). Moreover, a prisoner's right to refuse medical treatment can be overridden by "a prison regulation that is reasonably related to legitimate penological interests." *Id.* at 343; *see also Russell v. Richards*, 384 F.3d 444, 447-50 (7th Cir. 2004) (concluding inmate's liberty interest in refusing unwanted medical treatment of delousing shampoo was overridden by jail policy designed to address legitimate interest in avoiding outbreaks of lice). "[I]f legitimate penological interests dictate that a particular treatment must be administered even if the prisoner would have refused it, then . . . there is no constitutional right to refuse treatment[.]" *Knight*, 942 F.3d. at 343 (quoting *Pabon v. Wright*, 459 F.3d 241, 252 (2d Cir. 2006)). If Nurse Boggs' account is accurate and indicative of an opioid overdose, then she and the officers acted reasonably to provide treatment for what they thought was an opioid overdose. However, at the pleading stage, the court must credit Mr. Walker's statement that he was not under the influence of opioids and that Sgt. Stone and Sgt. Eng administered the Narcan in retaliation for the protective order Mr. Walker filed

against them. He states a Fourteenth Amendment claim against Sgt. Stone, Sgt. Eng, and Nurse Boggs.

The complaint fails to state a claim against any other defendants. First, the allegations against Nurse Suzanne Webster and Dr. Christina Chico duplicate those he brought in a separate lawsuit against them. *See Walker v. Chico*, No. 3:22-cv-166-JD-MGG (N.D. Ind. filed Mar. 1, 2022). It is unnecessary to sue them twice.

Additionally, Mr. Walker has not brought a viable claim against Cpt. Christopher Dustin. Mr. Walker alleges that Cpt. Dustin sprayed him with mace upon seeing the altercation between him, Sgt. Stone, and Sgt. Eng on March 10, 2020. The details surrounding this encounter, however, show that Cpt. Dustin did not use force "maliciously and sadistically to cause harm" as required to state an Eighth Amendment claim. *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Rather, it appears that Cpt. Dustin used force to restore order, so his conduct does not support a plausible Eighth Amendment violation. *See Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984) ("[T]he use of nondangerous quantities of [a chemical agent] in order to prevent a perceived future danger does not violate evolving standards of decency or constitute an unnecessary and wanton infliction of pain." (quotation marks omitted)).

Similarly, Mr. Walker does not state an Eighth Amendment claim against Sgt. Finch. Eight days after Sgt. Stone and Sgt. Eng twisted his wrist, Mr. Walker notified Sgt. Finch that his hand was in pain and requested medical attention. ECF 31 at 5-6. Mr. Walker claims she prohibited officers from calling a "signal 3000" and refused to take him to medical unless he said he was suicidal. *Id.* This does not state a claim of deliberate

indifference to his serious medical needs because there is no reason to believe that Sgt. Finch knew that Mr. Walker was "at serious risk of being harmed" if he did not receive immediate treatment. *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). It is not deliberate indifference to insist an inmate follow administrative procedures to receive medical care for non-urgent matters. *See Lewis v. McLean*, 941 F.3d 886, 894 (7th Cir. 2019).

Mr. Walker has also failed to state a claim against Dr. Heather Verdon, Administrators Pamela James and Pamela Bane, Warden Ron Neal, Major Warlow, Commissioner Bruce Lemon, Dis. Ombudsman Charlene A. Burkett, or Grievance Specialist J. Wallen. Mr. Walker attempts to bring claims against these defendants on the grounds that they inadequately responded to his grievances. "But the Constitution does not require that jails or prisons provide a grievance procedure at all, nor does the existence of a grievance procedure create a constitutionally guaranteed right." *Daniel v. Cook Cnty.*, 833 F.3d 728, 736 (7th Cir. 2016). "[T]he alleged mishandling of [plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). The complaint does not allege any of these defendants were personally involved in either the use of force or the administration of Narcan.

Mr. Walker also sues Wexford Health, the private company contracted to provide health care at the prison. It appears that Mr. Walker is suing Wexford Health based on its employees' responses to his medical and psychological needs. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, which means Wexford Health cannot be held liable solely because it employed the medical professionals who were involved

in Mr. Walker's care. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be held liable if its own policies caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Here, there are no allegations to suggest that a Wexford policy contributed to Nurse Boggs' actions involving the use of Narcan. Mr. Walker may not proceed against Wexford.

Mr. Walker cannot sue the Indiana State Prison or the Indiana Department of Correction because those state agencies are arms of the state. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). States and state agencies are not "persons" for the purposes of § 1983 and, therefore, cannot be sued under that statute. *Wagoner v. Lemmon,* 778 F.3d 586, 592 (7th Cir. 2015); *Thomas v. Illinois,* 697 F.3d 612, 613-14 (7th Cir. 2012).

Finally, Walker filed a motion to correct the amended complaint. ECF 37. He attaches a proposed amended complaint that is identical to the previously filed amended complaint except that he added citations to exhibits. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment

would be futile." *Id*. Here, the amendment is unnecessary because the addition of citation to the exhibits does not change the outcome. Therefore, the motion will be denied.

For these reasons, the court:

(1) LIFTS the stay;

(2) DENIES the motion to correct the amended complaint (ECF 37);

(3) GRANTS Rafael L. Walker leave to proceed against Sgt. Jeremiah Stone and Sgt. Adam Eng in their individual capacities for compensatory and punitive damages for the alleged uses of excessive force on March 10, 2020, in violation of the Eighth Amendment;

(4) GRANTS Rafael L. Walker leave to proceed against Sgt. Jeremiah Stone, Sgt. Adam Eng, and Nurse Betty J. Boggs in their individual capacities for compensatory and punitive damages for administering Narcan to Mr. Walker against his will on March 28, 2020, in violation of the Fourteenth Amendment;

(5) DISMISSES all other claims;

(6) DISMISSES Heather Verdon, Suzanne Webster, Pamela James, Pamela Bane, Christopher Dustin, Finch, Warlow, Ron Neal, Charlene A. Burkett, Bruce Lemon, J. Wallen, Christina Chico, Wexford, Indiana State Prison, and Indiana Department of Corrections;

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sgt. Jeremiah Stone and Sgt. Adam Eng at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 31);

(8) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Nurse Betty J. Boggs at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 31);

(9) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(10) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Jeremiah Stone, Sgt. Adam Eng, and Nurse Betty J. Boggs to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

April 12, 2022

*s/ Damon R. Leichty*
Judge, United States District Court