UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAFAEL L. WALKER,

    Plaintiff,

    v.    CAUSE NO. 3:21-CV-827-DRL-MGG

JEREMIAH STONE *et al.*,

    Defendants.

OPINION AND ORDER

Rafael L. Walker, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding "against Sgt. Jeremiah Stone and Sgt. Adam Eng in their individual capacities for compensatory and punitive damages for the alleged uses of excessive force on March 10, 2020, in violation of the Eighth Amendment[.]" ECF 38 at 8. Second, he is proceeding "against Sgt. Jeremiah Stone, Sgt. Adam Eng, and Nurse Betty J. Boggs in their individual capacities for compensatory and punitive damages for administering Narcan to Mr. Walker against his will on March 28, 2020, in violation of the Fourteenth Amendment[.]" *Id.* The defendants filed a motion for summary judgment, arguing Mr. Walker did not exhaust his administrative remedies before filing this lawsuit. ECF 101. Mr. Walker filed a response, and the defendants filed a reply. ECF 106, 109. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such

that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). A prisoner can be

2

excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears on paper but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered available. *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Mr. Walker is proceeding against the defendants on one claim related to an incident that occurred on March 10, 2020, and on one claim related to an incident that occurred on March 28, 2020. Each incident will be addressed in turn.

A. *March 10 Claim*

Mr. Walker is proceeding against Sgt. Stone and Sgt. Eng for using excessive force against him on March 10, 2020. The defendants argue Mr. Walker never timely submitted any grievance related to this incident.

Specifically, the defendants provide an affidavit from the prison's Grievance Specialist, who attests Mr. Walker first submitted a grievance regarding this incident on April 16, 2020. ECF 103-1 at 7; ECF 103-5 at 2. The grievance office rejected this grievance as untimely because it was submitted more than ten business days after the March 10 incident. ECF 103-1 at 7; ECF 103-5 at 1. Mr. Walker then submitted numerous additional grievances which were likewise rejected as untimely. ECF 103-1 at 7. The Grievance

Specialist attests Mr. Walker never submitted any timely grievance alleging the defendants used excessive force against him on March 10, 2020. *Id.*

In his response, Mr. Walker argues the grievance office made his administrative remedies unavailable because he first submitted a formal grievance regarding the March 10 incident on March 27, 2020, but he never received any receipt or response from the grievance office related to this grievance. ECF 106 at 2-3. Specifically, Mr. Walker provides evidence he submitted a grievance on March 27, asserting he was assaulted by Sgt. Stone and Sgt. Eng on March 10. ECF 106-1 at 6. After Mr. Walker received no receipt or response for the March 27 grievance from the grievance office, he sent "Request for Interview" forms to the Grievance Specialist on April 7, 2020, and April 13, 2020, notifying the Grievance Specialist he had submitted a grievance but had not received any receipt or response. *Id.* at 4-5. The Grievance Specialist received these Request for Interview forms and responded "noted," but there is no evidence the grievance office ever responded to Mr. Walker's March 27 grievance. *Id.* Mr. Walker then proceeded to file additional grievances, which the grievance office rejected as untimely.

In their reply, the defendants do not dispute that Mr. Walker submitted his March 27 grievance and never received any receipt or response from the grievance office. The court thus accepts these facts as undisputed. Because it is undisputed Mr. Walker attempted to grieve the March 10 incident in his March 27 grievance, but the grievance office never issued any receipt or response to this grievance despite Mr. Walker's written inquiries, the undisputed facts show the grievance office made Mr. Walker's

4

administrative remedies unavailable with regard to the March 10 incident.[1] Summary judgment must be denied on this claim.

B. *March 28 Claim*

Mr. Walker is proceeding against Sgt. Stone, Sgt. Eng, and Nurse Boggs for administering Narcan against his will on March 28, 2020. The defendants argue Mr. Walker never timely submitted any grievance regarding this incident.

Specifically, the defendants provide Mr. Walker's grievance records and an affidavit from the prison's Grievance Specialist, which show the following facts: Mr. Walker submitted numerous grievances complaining the defendants administered Narcan against his will on March 28, but the grievance office rejected each of these grievances as untimely. Specifically, Mr. Walker's grievance records show: (1) on April 16, 2020, he submitted a grievance complaining he was assaulted by custody staff on March 28, which the grievance office rejected as untimely (ECF 103-5 at 1-2); (2) on April 21, 2020, he submitted a grievance complaining the defendants improperly administered Narcan on March 28, which the grievance office rejected as untimely (*Id.* at 3-4); (3) on May 8, 2020, he submitted another grievance complaining the defendants improperly administered Narcan on March 28, which the grievance office again rejected as untimely (*Id.* at 9-10); (4) on May 21, 2020, he submitted another grievance complaining the defendants improperly administered Narcan on March 28, which the grievance office

---

[1] It is unclear whether Mr. Walker's March 27 grievance was timely submitted. Mr. Walker alleges the time for him to submit a grievance did not begin until March 17, when he was let off of suicide watch. ECF 106 at 17. Regardless, the grievance office did not reject Mr. Walker's March 27 grievance as untimely, but rather did not issue any response to the grievance.

again rejected as untimely (*Id.* at 13-15); and (5) on May 20, 2020, he submitted another grievance complaining he was sexually harassed by custody staff on March 28, 2020, which the grievance office rejected as untimely (*Id.* at 16-17).

In his response, Mr. Walker concedes he never fully exhausted any grievance related to the March 28 incident. The court thus accepts this as undisputed. Instead, he argues his administrative remedies were unavailable for several reasons.

First, Mr. Walker argues he submitted numerous grievances to the grievance office but never received any receipt or response. ECF 106 at 8-16, 19-21. However, Mr. Walker does not allege or provide any evidence these grievances related to the March 28 incident. Rather, the records provided by both parties indicate Mr. Walker received a response to each of his grievances that addressed the March 28 incident. *See* ECF 103-5 at 1, 3, 9, 13, 16; ECF 106-1 at 9, 11, 15, 21, 31, 34. There is no evidence Mr. Walker ever submitted any grievance related to the March 28 incident for which he received no response.

Second, Mr. Walker argues he was unable to timely submit a grievance because he was in "SMC" from March 28, 2020, until April 7, 2020. ECF 106 at 5, 17. However, even assuming Mr. Walker was prevented from timely grieving the March 28 incident, the Offender Grievance Process allowed him to request a time limit extension to submit a grievance outside of the time frame. *See* ECF 103-2 at 13 (providing that, "If there are extenuating circumstances which caused the offender a delay in submitting the grievance form within the time frames, the offender must document and submit the reason for the delay on a separate piece of paper with signature and date, and include with the appropriate appeal form or make a request for the specific form to the Offender Grievance

Specialist for review."). Mr. Walker provides no evidence he complied with this requirement, and the Grievance Specialist attests he did not do so. *See* ECF 103-1 at 7 (attesting "There is no record that Offender Walker submitted any written requests for extension of time to file any grievances related to the alleged incidents in this case.").

Third, Mr. Walker argues his grievances were timely because the incident was a "continuing violation." ECF 106 at 5, 17. But Mr. Walker is not proceeding against the defendants for a continuing violation, but rather for a single incident that occurred on March 28, 2020.

Fourth, Mr. Walker argues custody staff threatened him each time he filed a grievance and he was in constant fear for his safety. ECF 106 at 5-12, 17. But it is undisputed Mr. Walker submitted numerous grievances regarding the March 28 incident, and he does not explain how custody staff prevented him from submitting a timely grievance or a request for a time limit extension.

Accordingly, the undisputed facts show Mr. Walker did not fully exhaust any grievance related to the March 28 incident, and Mr. Walker has not provided any evidence his administrative remedies were unavailable regarding this incident. The defendants have therefore met their burden to show Mr. Walker had available administrative remedies he did not exhaust before bringing this claim. Summary judgment is warranted in favor of the defendants on this claim.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 101) with respect to Mr. Walker's claim "against Sgt. Jeremiah Stone, Sgt. Adam Eng, and

7

Nurse Betty J. Boggs in their individual capacities for compensatory and punitive damages for administering Narcan to Mr. Walker against his will on March 28, 2020, in violation of the Fourteenth Amendment," but DENIES the summary judgment motion with respect to Mr. Walker's claim "against Sgt. Jeremiah Stone and Sgt. Adam Eng in their individual capacities for compensatory and punitive damages for the alleged uses of excessive force on March 10, 2020, in violation of the Eighth Amendment";

(2) DIRECTS judgment for Nurse Betty J. Boggs thereby terminating her from this action; and

(3) REMINDS the parties this case is now proceeding only on Mr. Walker's remaining claim against Sgt. Jeremiah Stone and Sgt. Adam Eng in their individual capacities for compensatory and punitive damages for the alleged use of excessive force on March 10, 2020, in violation of the Eighth Amendment.

SO ORDERED.

October 2, 2023

*s/ Damon R. Leichty*
Judge, United States District Court