UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAFAEL L. WALKER,

    Plaintiff,

v.

JEREMIAH STONE and ADAM ENG,

    Defendants.

CAUSE NO. 3:21-CV-827 DRL

OPINION AND ORDER

Rafael L. Walker, a prisoner without a lawyer, is proceeding in this case "against Sgt. Jeremiah Stone and Sgt. Adam Eng in their individual capacities for compensatory and punitive damages for the alleged uses of excessive force on March 10, 2020, in violation of the Eighth Amendment[.]" ECF 38 at 8. The defendants filed a motion for summary judgment. ECF 156. The court granted Mr. Walker several extensions to file a response to the summary judgment motion. ECF 163, 166, 173. Mr. Walker did not file a response, but instead filed a motion to dismiss this case without prejudice so that he can refile the case at a later time. ECF 174. The defendants filed a response, and Mr. Walker filed a reply. ECF 175, 176.

In his motion to dismiss, Mr. Walker argues he is currently unable to litigate this case because prison officials are not allowing him to attend the law library or view evidence, which has prevented him from responding to the summary judgment motion. ECF 174 at 1-2. He asks the court to dismiss this case without prejudice so he can refile it once he's able to adequately litigate the case. *Id.* In their response, the defendants agree

this case should be dismissed but request that it be dismissed with prejudice, not without prejudice, because they've expended resources and would be prejudiced by a dismissal without prejudice. ECF 175 at 3. In his reply, Mr. Walker opposes the defendants' request to dismiss this case with prejudice. ECF 176.

Voluntary dismissal pursuant to Rule 41(a)(2) is permitted at the court's discretion, both as to whether dismissal will be granted and as to the terms and conditions that are imposed. *Kunz v. DeFelice,* 538 F.3d 667, 677 (7th Cir. 2008). But voluntary dismissal should be granted under Rule 41(a)(2) only if it will not legally prejudice "an opposing party." *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971). Because the defendants request that this case be dismissed with prejudice rather than without prejudice, the court must determine whether dismissal would legally prejudice either party. *See Parker v. Freightliner Corp.*, 940 F.2d 1019, 1023 (7th Cir. 1991) (the plaintiff may challenge whether "the conditions imposed on [a voluntary] dismissal legally prejudice the plaintiff"). The record shows Mr. Walker will be legally prejudiced by dismissing this case, as the statute of limitations has run, and he will be time-barred from refiling this case at a later time. *See id.* at 1023-24 (a plaintiff is legally prejudiced by a dismissal "when the grant of a dismissal severely circumscribes the plaintiff's ability to re-initiate his lawsuit."). Therefore, because Mr. Walker would be legally prejudiced by the dismissal of this case, his request for dismissal must be denied.

The court will now turn to the merits of the defendants' summary judgment motion. Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule

2

of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "Strict enforcement of [local rules] does not mean that a party's failure to submit a timely filing automatically results in summary judgment for the opposing party." *Wienco, Inc. v. Katahn Assoc., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992). Rather, that failure "causes all factual assertions alleged by the opposing party to be deemed admitted." *Id.*; *see also Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021) ("Rule 56 imposes an affirmative obligation on a movant that we cannot ignore merely because a nonmovant provides no responsive arguments.").

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To survive summary judgment, a plaintiff must put forth evidence that "support[s] a reliable inference of wantonness in the infliction of pain." *Id.* at 322. The core requirement for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). In determining whether the intent was malicious, relevant factors include how

3

much force was needed versus how much was actually used; the extent of injury inflicted; whether the force was needed because of a risk to someone's safety; and whether the officers made efforts to limit the severity of the force. *McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019).

The defendants argue summary judgment is warranted in their favor for three reasons. First, they argue summary judgment is warranted because the evidence shows any force they used against Mr. Walker was a necessary and good faith effort to maintain or restore discipline. ECF 157 at 5-8. In support, they provide Mr. Walker's deposition testimony, in which he testified to certain facts. Around 10:00 p.m. on March 10, 2020, correctional officers performed a shakedown of Mr. Walker's cell. ECF 156-1 at 16-17. During the shakedown, Sgt. Stone became "rude and aggressive" with Mr. Walker and called him a racial slur. *Id.* at 18. Sgt. Stone placed Mr. Walker in handcuffs, brought him out of his cell, and began leading him to the showers to conduct a strip search. *Id.* at 18-19. On the way to the shower, Sgt. Stone began cursing at Mr. Walker and calling him homophobic and racial slurs. *Id.* at 19-20. Sgt. Stone did not give Mr. Walker any orders on the way to the shower. *Id.* Nevertheless, shortly before arriving at the showers, Sgt. Stone began violently twisting Mr. Walker's wrist. *Id.* at 19-21. Sgt. Stone claimed Mr. Walker was holding a homemade lighter in his hand, but Mr. Walker wasn't holding anything in his hand. *Id.* at 19-21, 25-26. Sgt. Stone never gave Mr. Walker any orders to open his hand, and Mr. Walker opened and closed his hand numerous times throughout the incident. *Id.* at 25-27. At some point, Sgt. Eng arrived and "joined in" on the assault and helped Sgt. Stone use force against Mr. Walker. *Id.* at 24-25. Eventually, Sgt. Stone

4

did a "karate move" and twisted Mr. Walker's wrist until it almost broke. *Id.* at 21; ECF 156-7 at 13. Mr. Walker screamed in pain and was taken to the medical unit. ECF 156-7 at 13. His hand had visible lacerations, was numb, and felt like it had been dislocated. *Id.* at 5. At the time of his deposition in 2023, he still experienced numbness in his wrist. *Id.* at 7.

Here, a reasonable jury could credit Mr. Walker's version of events and conclude the defendants used excessive force against him. Specifically, a reasonable jury could credit Mr. Walker's testimony that (1) Sgt. Stone began twisting his handcuffed wrist on the way to the shower despite never giving him any orders; (2) Sgt. Eng participated in using force against Mr. Walker; (3) Sgt. Stone twisted Mr. Walker's wrist all the way around until it almost broke; and (4) Mr. Walker's wrist had visible lacerations and still experienced numbness over three years after the incident. The defendants argue the video evidence refutes Mr. Walker's version of events (ECF 157 at 5-6), but nothing in the video directly contradicts Mr. Walker's testimony. The defendants note the video shows Mr. Walker's hand is closed at certain points (ECF 157 at 7-8), but it's possible he opened his hand while it was outside the view of the camera. The defendants also argue Mr. Walker has been inconsistent in his descriptions of how much force Sgt. Eng used against him (ECF 157 at 6-7), but this goes only to Mr. Walker's credibility, which is not fit for resolution at the summary judgment stage. *See Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704-05 (7th Cir. 2011) (the court cannot "make credibility determinations" at the summary judgment stage, as this is "the province of the jury") (citations omitted). Accordingly, because the record contains disputed material facts whether the defendants

5

used excessive force against Mr. Walker, the defendants have not met their burden to show summary judgment is warranted in their favor.

Second, the defendants argue summary judgment is warranted in their favor because the application of force was *de minimis* and any temporary pain Mr. Walker suffered is insufficient to establish a constitutional violation. ECF 157 at 8-10. Here, Mr. Walker testified the defendants violently twisted his wrist until he had visible lacerations, which describes more than a *de minimis* amount of force. *See Raddant v. Douglas Cnty.*, No. 22-CV-555-JDP, 2024 WL 4188923, 6 (W.D. Wis. Sept. 13, 2024) ("Painfully twisting a suspect's arm is not a de minimis use of force."). And to the extent the defendants argue Mr. Walker suffered only a *de minimis* injury, this is only one factor to be considered in determining whether the defendants used excessive force against him. *See McCottrell*, 933 F.3d at 663. The defendants don't cite to any case law showing Mr. Walker needed to provide evidence he suffered more than a *de minimis* injury to establish an excessive force claim. *See* ECF 157 at 8.

Third, the defendants argue they are entitled to qualified immunity because their actions were not clearly unconstitutional, as they used only a reasonable amount of force to obtain what was in Mr. Walker's hand after he ignored multiple orders to open his hand. ECF 157 at 10-11. But this argument fails because there are disputed material facts regarding whether the defendants' use of force was reasonable and whether Mr. Walker ignored orders to open his hand. *See Walker v. Benjamin,* 293 F.3d 1030, 1037 (7th Cir. 2002) (recognizing that disputed material facts regarding the elements of a constitutional claim precludes dismissal based on qualified immunity). Moreover, crediting Mr. Walker's

6

version of events, it would be clear to a reasonable officer that unnecessarily twisting an inmate's handcuffed wrist when he was not actively resisting was unlawful. *See Saucier v. Katz*, 533 U.S. 194, 202 (2001) ("The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted"); *Mitchell v. Krueger*, 594 F. App'x 874, 877 (7th Cir. 2014) (reversing summary judgment on Eighth Amendment claim based on evidence that a correctional officer twisted a prisoner's wrist for no reason when that prisoner was restrained with his hand behind his back, flanked by two correctional officers, and had agreed to comply with officers' orders). Thus, the defendants cannot avoid trial on grounds of qualified immunity. Their motion for summary judgment must be denied.

For these reasons, the court:

(1) DENIES the defendants' motion for summary judgment (ECF 156); and

(2) DENIES Mr. Walker's motion to voluntarily dismiss this case (ECF 174).

SO ORDERED.

March 10, 2025                                         *s/ Damon R. Leichty*
                                                       Judge, United States District Court